**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SIDNEY SHIRLEY on behalf of himself and other similarly situated laborers, | |
| Plaintiff, | Case No. |
| v. | Judge |
| STAFFING NETWORK HOLDINGS, LLC, | Magistrate Judge |
| Defendants. | |

**CLASS ACTION COMPLAINT**

Plaintiff Sidney Shirley ("Plaintiff"), on behalf of himself and all other similarly situated laborers, for his Complaint against Staffing Network Holdings, LLC ("Staffing Network"), states as follows:

## I. INTRODUCTION

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); and under the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section § 1981"), for Defendants' discrimination against African-American laborers in their practices in making assignments to work. Staffing Network is a temporary staffing agency that assigns temporary laborers in its labor pool to its third party client companies for a fee, including to Defendant Waste Management. Since June of 2012, Plaintiff has sought work assignments from Staffing Network to Staffing Network's client companies, but on one or more occasions was not assigned to one or more of Staffing Network's client companies because of his race.

2. Plaintiff will seek to certify a class pursuant to Federal Rule Civil Procedure 23(a) and (b) to pursue their Title VII and their § 1981 claims on behalf of himself and similarly situated African-American laborers. This Complaint names Staffing Network for the pattern or practice of excluding or severely restricting job assignments for African-American laborers. As all referrals for employment at issue in this action were made to Staffing Network's client companies by Defendant Staffing Network through its office in Hanover Park, Illinois, the claims encompassed by this action warrant certification as a class action.

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's Title VII and § 1981 claims pursuant to 28 U.S.C. § 1331, arising under arising under 42 U.S.C. § 2000e, *et seq*. and 42 U.S.C. § 1981.

4. Venue is proper in this judicial district as a substantial number of the facts and events giving rise to Plaintiff's claims occurred in this judicial district and as Defendants maintained their offices and transacted business within this jurisdiction.

5. On March 13, 2015, Plaintiff filed charges of discrimination against Staffing Network. On March 18, 2016, the EEOC issued Notices of the Right to Sue to Plaintiff, attached hereto as Exhibit A.

6. The case is timely filed.

## III. PARTIES

**A. <u>Plaintiff</u>**

7. Plaintiff Sidney Shirley:

a. is African American and resides in this judicial district;

      b. is and, at all relevant times, has been qualified to perform work for Staffing Network;

c. is and, at all relevant times, has been qualified to perform work for many of Staffing Network's client companies;

d. is and, at all relevant times, has been a "job applicant" at Staffing Network's client companies; and

e. is and, at all relevant times, has been a laborer seeking work assignments from Staffing Network at Staffing Network's client companies.

**B. Defendant**

8. At all relevant times, Defendant Staffing Network:

a. has been a corporation organized under the laws of the State of Delaware;

b. has been located in and conducted business in Illinois and within this judicial district;

c. has been an "employment agency" as that term is defined by 42 U.S.C. § 2000e(c);

d. has been a day and temporary labor service agency as defined by the Illinois Day and Temporary Labor Services Act, 820 ILCS 175/1 *et seq.*; and

e. has been an "employer" as that term is defined by 42 U.S.C. § 2000e(b) and 42 U.S.C. § 1981(c).

## IV. FACTUAL BACKGROUND

9. At all relevant times, Staffing Network has operated as an employment agency with a branch office located in Hanover Park, Illinois ("Staffing Network Hanover Park Branch Office").

10. Staffing Network is in the business of providing third-party client companies with low- and moderately-skilled laborers to fill jobs on a daily basis.

11. Staffing Network acts as an agent of its client companies in recruiting, training, assigning and paying laborers to work at the client companies' facilities.

12. Staffing Network acts as a joint employer with its client companies in the assignment of laborers to work at the client companies' facilities.

13. As part of its business, Staffing Network is constantly engaged in recruiting low- and moderately-skilled laborers to fill ongoing work orders. When a laborer seeks an assignment through Staffing Network, such laborers are seeking to fill a daily job at any of the third-party client companies to which Staffing Network supplies labor.

14. Staffing Network permits individuals who walk into its Staffing Network Hanover Park Branch Office to seek work assignments.

15. Individuals are referred for employment in the Staffing Network Hanover Park Branch Office, regardless of whether they request to be referred to a particular employer.

16. When an individual comes to the Staffing Network Hanover Park Branch Office seeking a work assignment, an Staffing Network employee typically takes contact information for the individual and either refers the individual for employment or informs the individual that s/he will be contacted when a daily job becomes open to which s/he can be referred.

17. The jobs for which the Staffing Network Hanover Park Branch Office refers candidates do not require any special skills, training or qualifications.

18. From June 2012 through June 2014, Staffing Network referred for employment thousands of laborers to its client companies.

19. During the period of June 2012 through June 2014, the Named Plaintiff sought work at Staffing Network's Hanover Park Branch Office on multiple occasions while work assignments were being made to Staffing Network's client companies.

20. On those occasions when the Named Plaintiff sought work assignments at the Staffing Network Hanover Park Branch Office, he was directed to sign in on sign-in sheets that indicated the order in which he had arrived.

21. Other African American laborers similarly sought work assignments from Staffing Network's Hanover Park Branch Office during the period of June 2012 through June 2014 and were directed to put their names on sign-in sheets that indicated the order in which they had arrived.

22. On each occasion the Named Plaintiff came to the Staffing Network Hanover Park Branch Office to seek a work assignment, he waited in the Branch office in an attempt to receive a work assignment.

23. During the period from June 2012 through June 2014, Plaintiff observed while he was present in the Hanover Park Branch office that typically about a quarter of the laborers there seeking work assignments were African American.

24. During the period from June 2012 through June 2014, Plaintiff observed, while were present at the Hanover Park office, that many laborers who appeared Hispanic and spoke Spanish, were assigned to work while laborers who appeared to be African American were not assigned work.

25. On many of the occasions when the Named Plaintiff sought work at Staffing Network's Hanover Park Branch Office, he was not assigned to work even though there were assignments at Staffing Network's client companies for which he was qualified.

26. Non-African American laborers received work assignments to Staffing Network's client companies before African American laborers.

27. Non-African American laborers were given assignments to Staffing Network's client companies before African American laborers even though they were no more qualified to perform the job.

28. Non-African American laborers were given assignments to Staffing Network's client companies before African American laborers even though they arrived after the African American laborers.

29. The Staffing Network Hanover Park Branch Office has had a practice of retaining contact information and/or applications completed by candidates for referral for at least several months.

30. For the period of June 2012 through June 2014, on many of the days when the Named Plaintiff was not present in the Staffing Network Hanover Park Branch Office, he was available for assignments at Staffing Network's client companies.

31. On such days, the Named Plaintiff was not contacted for work assignments even though there were assignments available for which he was qualified.

32. On information, non-African American laborers were contacted for work assignments to Staffing Network's client companies before African American laborers.

33. Non-African American laborers were contacted for work assignments to Staffing Network's client companies before African American laborers even though they were no more qualified to perform the job.

34. Non-African American laborers were contacted for work assignments to Staffing Network's client companies before African American laborers even though they had been seeking work at Staffing Network for less time.

35. The Named Plaintiff is and, at all relevant times, has been equally qualified to work at the Staffing Network Hanover Park Branch Office's client companies as non-African-American laborers who sought and were given a work assignment at Staffing Network's client companies.

36. Other African-American laborers who sought work assignments from Staffing Network's Hanover Park Branch office were likewise equally qualified to work at the client companies of Staffing Network's Hanover Park Branch Office as Hispanic laborers who sought a work assignment from Staffing Network's Hanover Park Branch Office and were given a work assignment at Staffing Network's client companies.

37. Staffing Network failed or refused to assign Named Plaintiff to work at several of its client companies because of his race.

38. Staffing Network refused to assign other similarly situated African American laborers to work at its client companies because of his race.

39. Staffing Network assigned other, non-African-American laborers to work at its client companies to fill jobs that required no special education, knowledge or experience.

40. Staffing Network assigned other, non-African-American laborers to work at its client companies even though they sought work assignments after Plaintiff and other similarly situated African American laborers.

41. Staffing Network failed or refused to assign Plaintiff and other similarly situated African-American laborers to work at several of its client companies because it was complying with a discriminatory request from the client companies to steer African-American laborers away from those companies.

42. On certain dates, Plaintiff and other African Americans were assigned to work at a client company called Philips-Norelco.

43. When Plaintiff and other African Americans were assigned to work at Philips-Norelco, it was only because no Hispanic workers were available.

44. When Plaintiff's work assignment at Philips-Norelco had terminated, he was passed over for further assignments in favor of Hispanic employees.

45. Other similarly situated African American employees were likewise only assigned to work as a last resort and were passed over for continued assignments in favor of Hispanic employees.

46. Staffing Network has engaged in a pattern and practice of offering to provide its client companies with Hispanic employees and to not assign or limit the assignment of African American laborers.

## V. CLASS ACTION ALLEGATIONS

47. The Named Plaintiff's claims are susceptible to class certification pursuant to Rule 23(a) and (b)(3), Fed.R.Civ.P.

48. The Class is defined to include "All African-Americans who sought work assignments through the Staffing Network Hanover Park Branch Office and were eligible to work at one or more of Staffing Network's client companies at any time from June 2012 through June 2014 and who, on one or more occasion, were not assigned to work at one of Staffing Network's client companies."

49. Certification of the class and subclass pursuant to Rule 23(a) and (b)(3) is warranted because:

   a. This is an appropriate forum for these claims because, among other reasons, jurisdiction and venue are proper, and the Defendants are located in this judicial district.

b.     The class is so numerous that joinder of all members is impracticable. Defendants jointly employed thousands of individuals who sought work assignments through the Hanover Park Staffing Network Branch Office from June 2012 through June 2014. On information and belief, there were thousands of African American laborers who sought assignments to work at the Staffing Network Hanover Park Branch Office at Staffing Network's client companies.

c.     One or more questions of law or fact are common to the class, including:

(i)     Whether Staffing Network has engaged in a pattern or practice of denying employment to African American laborers because of their race;

(ii)     Whether Staffing Network complied with discriminatory requests from its client companies to refrain from assigning African American laborers to work at those client companies;

(iii)     Whether Staffing Network is a joint employers of the laborers assigned to work at its client companies with those client companies;

(iv)     Whether the conduct complained of herein constitutes a violation of Title VII;

(v)     Whether the conduct complained of herein constitutes a violation of Section 1981;

(vi)     Whether injunctive relief is warranted against Staffing Network;

d.     Plaintiff will fairly and adequately represent and protect the interests of the Class members. Plaintiff's Counsel are competent and experienced in litigating discrimination and other employment class actions;

e.     The class representative and the members of the class have been subject to, and challenge, the same practices that are being challenged by the class;


f. Issues common to the class predominate over issues unique to individual class members and pursuit of the claims as a class action is superior to other available methods for the fair and efficient resolution of this controversy.

g. Adjudication of these claims as a class action can be achieved in a manageable manner.

50. Pursuit of the claims set forth herein through a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**COUNT I**
**Violation of 42 U.S.C. § 1981 – Race-based Discrimination**
**Plaintiff on behalf of himself and a class of similarly situated African American laborers as against Defendant Staffing Network**
***Class Action***

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 50 as though set forth herein.

51. This Count arises under § 1981 for Defendant Staffing Network's discriminatory practices in assigning laborers to several of its client companies as described more fully in paragraphs 9 – 46, *supra*, which resulted in disparate treatment of Plaintiff and a class of African American laborers.

52. Defendant Staffing Network engaged in assignment practices that discriminated against Plaintiff and other similarly situated African American laborers on the basis of their race, African American, as described more fully in paragraphs 9 – 46, *supra*, thereby violating the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981.

53. As described more fully in paragraphs 9 – 46, *supra*, Defendant Staffing Network engaged in a pattern and practice of racial discrimination against Plaintiff and other similarly situated African American laborers based on his race as African Americans.

54. As described more fully in paragraphs 9 – 46, *supra*, Defendant Staffing Network's discrimination against Plaintiff and other similarly situated laborers based on their race as African Americans was intentional.

55. Defendant Staffing Network failed or refused to assign African American applicants to work at the several of its client companies in favor of Hispanic employees on the basis of their race as African Americans, as described more fully in paragraphs 9 – 46, *supra*.

56. Defendant Staffing Network's failure to assign Plaintiff and other similarly situated African-American laborers to work at its client companies was, at least in part, because it was complying with a discriminatory request from those client companies to steer African American laborers away from their respective facilities in favor of Hispanic laborers.

57. Defendant Staffing Network failed to exercise reasonable care to ensure that its agents for hiring or assigning laborers did not engage in discriminatory hiring practices.

58. Defendant Staffing Network's conduct in not assigning Plaintiff and other similarly situated African American laborers to work at certain client companies was willful and/or reckless, warranting the imposition of punitive damages.

59. As a direct and proximate result of the willful and reckless acts or omissions of Defendants Staffing Network alleged in paragraphs 9 – 46, *supra*, all Plaintiff and similarly situated African-American laborers have suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

WHEREFORE, Plaintiff and the Class respectfully pray that this Court:

A. allow this action to proceed as a class action against Defendant Staffing Network pursuant to Rule 23;

B. enjoin Defendant Staffing Network from continuing or permitting future violations of § 1981 for racial discrimination against African-American laborers;

C. enter a judgment in his favor and against Defendant Staffing Network for back pay damages for Plaintiff and the Class in amounts to be determined at trial;

D. for all reasonable attorney's fees and costs in bringing this action;

E. for such other relief as this Court deems just and equitable.

**COUNT II**
**Violation of Title VII-Race-based Discrimination–Disparate Treatment**
**Plaintiff on behalf of himself and a class of similarly situated African American laborers as against Defendants Staffing Network**
***Class Action***

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 59 as though set forth herein.

60. This Count arises under Title VII for Defendants Staffing Network's discriminatory practices assigning laborers through Staffing Network, as described more fully in paragraphs 9 – 46, *supra*, resulting in disparate treatment of Plaintiff and a class of African American laborers.

61. As described more fully in paragraphs 9 – 46, *supra*, Defendant Staffing Network engaged in a pattern and practice of intentional discrimination against Plaintiff based on his race, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*.

62. As described more fully in paragraphs 9 – 46, *supra*, Defendant Staffing Network engaged in a pattern and practice of intentional discrimination against other similarly situated African American laborers based on their race, African American, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et. seq*.

63. As a direct and proximate result of the above-alleged acts or omissions of Defendant Staffing Network, Plaintiff suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

64. Defendant Staffing Network's conduct was willful and/or reckless, warranting the imposition of punitive damages.

WHEREFORE, Plaintiff and the Class respectfully pray that this Court:

A. allow this action to proceed as a class action against Defendant Staffing Network pursuant to Rule 23;

B. enjoin Defendants Staffing Network from continuing or permitting future violations of Title VII for racial discrimination against African-American laborers in the Class;

C. enter a judgment in their favor and against Defendant Staffing Network for back pay damages for Plaintiff and the Class in amounts to be determined at trial;

D. for all reasonable attorney's fees and costs in bringing this action; and

E. for such other relief as this Court deems just and equitable.

**COUNT III**
**Violation of Title VII- Race-based Discrimination – Adverse Impact**
**Plaintiff on behalf of themselves and a class of similarly situated African American laborers as against Defendant Staffing Network**
***Class Action***

Plaintiff hereby incorporates and re-alleges paragraphs 1 through 64 as though set forth herein.

65. This Count arises under Title VII for Defendant Staffing Network's policy and practice of hiring Hispanic laborers over African American laborers as described more fully in paragraphs 9 – 46, *supra*, resulting in a significant adverse impact on Plaintiff and a class of African American laborers.

66. As described more fully in paragraphs 9 – 46, *supra*, Defendant Staffing Network has engaged in a practice of assigning primarily Hispanic laborers to work at its client companies.

67. Staffing Network's practice of showing preference for assigning Hispanic laborers over African American workers to work at its third party clients has caused a significant

disparate impact on Plaintiff and other similarly situated African-American laborers in obtaining work assignments through Staffing Network.

68. As a direct and proximate result of the above-alleged acts or omissions of Defendant Staffing Network, Plaintiff and other similarly situated African-American laborers suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

69. Staffing Network failed to exercise reasonable care to ensure that its agents did not engage in discriminatory assignment practices.

WHEREFORE, Plaintiff and the Class respectfully pray that this Court:

A. allow this action to proceed as a class action against Defendant Staffing Network pursuant to Rule 23;

B. enjoin Defendants Staffing Network from continuing or permitting future violations of Title VII for racial discrimination against African-American laborers in the Class;

C. enter a judgment in their favor and against Defendant Staffing Network for back pay damages for Plaintiff and the Class in amounts to be determined at trial;

D. for all reasonable attorney's fees and costs in bringing this action; and

E. for such other relief as this Court deems just and equitable.

Respectfully submitted,

Dated: June 16, 2016

*/s/Christopher J. Williams*
Christopher J. Williams
Alvar Ayala
Neil Kelley
Workers' Law Office, P.C.
53 W. Jackson Blvd, Suite 701
Chicago, Illinois 60604
(312) 795-9121

Attorneys for Plaintiff